## Commonwealth ex rel. v. Long et al.

*Hervey B. Smith,* for petitioner.
*Howard R. Berninger,* for respondents.

KREISHER, P. J., July 12, 1950.—Petitioner, Harry Bogart, was married to Stella Long, and they have had one child, Donna Lee Bogart, now age seven. Shortly after their marriage domestic difficulties arose and as a result thereof the parties were divorced on November 26, 1946. Quite frequently during the domestic difficulties of the parties Donna Lee was placed in custody of her maternal grandparents, respondents herein, and the child has lived continuously with respondents for the past four years.

Stella Long Bogart, following the divorce, married a Mr. Fox, with whom she is now living, and only on occasions does she visit Donna Lee, and on some occasions Donna Lee visits with the present Mrs. Fox.

Petitioner, Harry Bogart, paid very little attention, and showed little interest in his daughter during the time he was married to Stella Long, to the end that he was arrested in 1946 for nonsupport of the child,

and ordered by this court to pay $30 per month toward its support, so that except for the $30 per month paid by petitioner, respondents have maintained and supported this child almost exclusively since the date of its birth.

On June 18, 1949, petitioner married Gladys Horne, who is a beautician operating a shop in the Borough of Catawissa. Petitioner is engaged as a truck driver at the weekly salary of $45 and he and his present wife have recently moved into a single dwelling in the Village of Espy, this county. No children have been born as the result of petitioner's second marriage, and he now seeks the exclusive custody of his daughter so as to be relieved of the $30 per month payments for the support of his daughter, which he makes to the maternal grandparents.

There is existing between petitioner and the maternal grandparents an ill feeling, which petitioner gives as his reason for not visiting with, or showing any interest in his daughter for the past four or five years.

Petitioner's wife has testified that should the court award custody of the child to petitioner she will discontinue her beauty shop and remain at home to care for the child. The natural mother of the child does not appear to be in a position to care for the child, nor does she express a desire that the child be awarded to her. However, she does desire that the child remain with her parents. The child herself expressed a desire to remain with respondents. This court is of the opinion that a child of such tender years is unable to determine what is for her best interest and welfare, which is the paramount question in cases of this nature.

By reason of the past conduct of petitioner with regard to this child, and the peculiar facts and circumstances of this case, the court is of the opinion that it would not be to the best interests and welfare of this

child to abruptly transfer the custody of the child from the home of the maternal grandparents, who have essentially acted as its mother and father for the past seven years, into a stranger's home, which petitioner and his wife, in effect, are. As the testimony discloses, petitioner's wife has never met or conversed with the child, and petitioner himself has not visited, sought the companionship or exhibited a parental interest for more than five years. Therefore, we are of the opinion that petitioner should first demonstrate his good faith in these proceedings, and satisfy this court that he is honestly interested in the welfare of the child, rather than simply being relieved of a $30 per month support order. We also believe it would be to the welfare and interest of this child to gradually become acquainted with her father and stepmother, and give these parties an opportunity to demonstrate to the court that they are honestly interested in the welfare of this child.

An order in a habeas corpus proceeding of this nature is only a temporary order, and is always subject to modification and change should the facts and conditions warrant. Because of the ill feeling between respondents and petitioner, petitioner claims he has been unable to show any parental interest in the child. Therefore, for the time being, the court will order respondents to permit petitioner and his wife an opportunity to be with this child and demonstrate a parental interest if they so desire, and to this end we make the following

### Order

And now, to wit, July 12, 1950, it is ordered and decreed that respondents, Hiram Long, Geneva Long and Stella Fox deliver the custody of Donna Lee Bogart to Harry Bogart and Gladys Horne Bogart, for their exclusive visitation, entertainment and parental guidance each and every Wednesday and Sunday, at 12 noon, and Harry Bogart and Gladys Bogart are ordered

and directed to return the custody of Donna Lee Bogart to respondents at 9 p. m. (Eastern Daylight Time), on each of said days. This order of court is to become effective Sunday, July 16, 1950.

The costs are to be paid by petitioner.